IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VARITALK, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 07 C 1771 |
| v. | ) |
| | ) Suzanne B. Conlon, Judge |
| DAVE LAHOTI, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Varitalk sues Lahoti and seven other defendants for trademark infringement and related violations of federal and Illinois law. Lahoti moves for partial reconsideration of the order denying his motion to dismiss for lack of personal jurisdiction, improper venue, and *forum non conveniens*.

### BACKGROUND

Varitalk is a limited liability company with its principal place of business in Chicago, Illinois. Varitalk developed a software technology that enables consumers to relay a pre-recorded audio message to another consumer using its Internet website. Varitalk uses its technology to create custom marketing campaigns. Varitalk registered the mark "Varitalk" with the U.S. Patent and Trademark Office.

Dave Lahoti is an individual residing in Tustin, California. Lahoti registered the domain name "veritalk.com." He operated a website located at the domain name. The site offered search engine services provided by third parties, and included advertisements and hyperlinks to topics such as "Airline tickets," "People search," "Chat," and "Employment." It invited users to "Make this your homepage" and "Bookmark this page." The site contained numerous references to Varitalk's

marketing campaigns. Lahoti did not control the search results that appeared on his site. He did not sell goods, take orders, or enter into contracts on his site. He suspended operation of the site when he received notice of Varitalk's lawsuit.

Varitalk's clients, consumers and vendors, including some in Illinois, were confused by Lahoti's domain name on a number of occasions. Varitalk alleges Lahoti seeks to profit from the confusion because he receives revenue for each user who visits his website. Varitalk alleges Lahoti conducts business in Illinois and advertises companies doing business in Illinois.

## DISCUSSION

### I.     Legal Standard

Lahoti moves for reconsideration under Fed. R. Civ. P. 60(b). Rule 60(b) applies only to final judgments and orders. FED. R. CIV. P. 60(b); *S.E.C. v. Van Waeyenberghe*, 284 F.3d 812, 814-15 (7th Cir. 2002). Denial of a motion to dismiss is an interlocutory order. Therefore, Lahoti's reconsideration motion is more appropriately construed under Rule 54(b). FED. R. CIV. P. 54(b) (interlocutory orders are "subject to revision at any time"). The court has inherent authority to reconsider interlocutory orders before entering final judgment. *United States v. Petersen Sand & Gravel, Inc.*, 806 F. Supp. 1346, 1360 (N.D. Ill. 1992) (Conlon, J.).

Motions to reconsider are appropriate when the court misunderstood a party. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1192 (7th Cir. 1990). A motion cannot be used to "rehash" previously denied arguments, *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) (Shadur, J.), or introduce new evidence or legal theories that could have been presented earlier, *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d

1264, 1269 (7th Cir. 1996). Given their limited purpose, courts rarely grant reconsideration motions. *Bank of Waunakee*, 906 F.2d at 1192.

**II.    Lahoti's Website**

Lahoti argues reconsideration is necessary because the court misunderstood the nature of his website. Had the court correctly understood his website, it would have concluded he lacked minimum contacts to support personal jurisdiction in Illinois and venue was improper.

Lahoti contends his site did not include links to stores located in or doing substantial business in Illinois. Varitalk alleged Lahoti conducted business in Illinois, and attached a page from his site containing a link to Wal-Mart. Compl. at ¶¶ 3, 92, Ex. O, Fig. 4. Lahoti argues the page is not part of his website. The page closely resembles his web page. "Veritalk.com" appears at the top left corner, and the logo of four colored squares next to the phrase "What you need, when you need it" appears in the same location as on Lahoti's page. *Id.* at Ex. O, Fig. 4. In ruling on a motion to dismiss for lack of jurisdiction, the court must accept Varitalk's allegations as true and resolve all factual disputes in its favor. *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983); *Nagel v. ADM Investor Servs.*, 995 F. Supp. 837, 843 (N.D. Ill. 1998). The similarity in appearance between the pages supports an inference that the page containing the Wal-Mart link is part of Lahoti's website. *Compare* Ex. O, Fig. 1 *with* Fig. 4.

Lahoti argues the court lacks personal jurisdiction because his site is not an interactive portal. He attempts to rehash his previously rejected argument that his site was passive. The court concluded his site was best described as a portal. *LFG v. Zapata Corp.*, 78 F. Supp. 2d 731, 736 (N.D. Ill. 1999). It offered access to internet search engines and websites organized by topic, invited users to "Make this your homepage" and "Bookmark this page," and included a link to "Chat." *Id.*

3

The site did not merely provide information; it invited users to interact repeatedly. It did not have the level of interactivity and content of yahoo.com and google.com. However, this distinction does not defeat jurisdiction. The site was commercial, designed for user interaction, and its success hinged on the number of users. *LFG*, 78 F. Supp. 2d at 737; Compl. at ¶ 95. Contrary to Lahoti's assertion, the court's ruling does not subject every operator of every website to personal jurisdiction anywhere in the world. Using the "sliding scale" approach, the court examined the degree of interactivity and commercial nature of his site in determining whether to exercise jurisdiction. *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997).

Lahoti contends the court mistakenly believed he intentionally caused references to Varitalk's marketing campaigns to appear on his site. He argues the court's statements that his site "featured the same or nearly the same words used on Varitalk's web page" and that references to Varitalk's campaigns "appeared multiple times on Lahoti's website" reveal its mistaken belief. Mem. Op. at 3. Lahoti misunderstands the court's statements; they say nothing about Lahoti's actions. The court explicitly stated the site's search technology was provided by third parties and Lahoti did not control the search results. *Id.* at 2.

Relying on *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997), Lahoti argues operating a website in California cannot justify jurisdiction in Illinois. Appellate decisions from other circuits are not controlling, although they may be persuasive. *Cybersell* is distinguishable. *Cybersell* concerned a passive website that was not deliberately directed towards the forum state and was not accessed by any user in the forum state except the plaintiff. *Cybersell*, 130 F.3d at 419. Lahoti's site was not passive. Varitalk alleges Lahoti intentionally created confusion to divert Varitalk users to his site. Compl. at ¶¶ 93-95. Varitalk's clients, consumers and vendors in Illinois

were confused by his domain name. *Id.* at ¶¶ 94-95. Varitalk may sue in Illinois, the state where it was injured. *Calder v. Jones*, 465 U.S. 783, 789-90 (1984); *see also McMaster-Carr Supply Co. v. Supply Depot, Inc.*, No 98 C 1903, 1999 WL 417352, at *4 (N.D. Ill. June 16, 1999) (Pallmeyer, J.) (distinguishing *Cybersell;* relying on *Calder*).

## CONCLUSION

For the reasons stated above, Lahoti's motion for partial reconsideration is denied.

ENTER:

Suzanne B. Conlon
United States District Judge

June 19, 2007